WINDHAM,
*February,*
1843.

Bardwell &
Huntington
*v.*
Jamaica.

OTIS BARDWELL and GEORGE HUNTINGTON *v.* Town of
JAMAICA.

An abutment to a bridge, as matter of description, is part of the bridge;
and when a declaration alleged an injury to have been occasioned by the
insufficiency of a bridge, and the proof was, that the defect and insuffi-
ciency was in the abutment — *Held* that this was not such a variance as
to be ground for reversing the judgment.

When damages are claimed of a town, for injuries sustained by reason of
the insufficiency and want of repair of a road or bridge, the right to re-
cover will not depend upon the town's having notice of such defect.

When the *primary* cause of the damage was occasioned by the fault of the
town, the person injured will be entitled to the whole amount of the
damage, unless it has been increased by his own subsequent negligence
or misconduct.

THIS was an action of trespass on the case, in which the
plaintiffs declared, that a certain bridge, on a public highway
in the town of Jamaica, was, on a certain day, " insufficient
' and out of repair, in this, that the flooring or covering of
' said bridge was decayed and ruinous, and that the poles,
' logs, slabs, or planks, forming the same, were rotten and
' decayed, and in that said bridge was not suitably and prop-
' erly supported by string pieces, but that the same had be-
' come rotten and decayed, and in that the abutments of said
' bridge were loose, weak, not properly supported, worn, in-
' jured, decayed and in a ruinous condition ; " and that, in
passing, on said day, with their stage-coach and horses, " on
' and across said bridge, on said highway, by reason of the
' insufficiency and want of repair of said bridge, the said
' bridge gave way, fell down, and broke through, under the
' feet of one of the horses aforesaid, a chesnut mare, of the
' value of one hundred dollars, by which, &c." Here follow-
ed a dscription of the injury, and an allegation that the
mare died thereof.

Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiffs gave evi-
dence, tending to show that, at a certain spot, mentioned
in the declaration, there was a bridge over a sluice-way,
made by laying down two logs with pieces of timber across
said logs, and planks over them, for a covering, and the
whole covered with dirt so as to give the appearance of a
solid road ; that while properly drawing the stage over this

place, a mare of the plaintiffs, in the team, broke a hole through the plank of said bridge, and occasioned the injury complained of.

WINDHAM,
*February*
1843.

Bardwell &
Huntington
*v.*
Jamaica.

The defendant introduced testimony tending to show, that the hole above mentioned was not within, but was without, the limits of said bridge, including said logs, and was in the solid road, by the side of the bridge, and adjoining the logs laid for the abutments of the bridge, by the side thereof.

The plaintiffs, also, gave evidence tending to show, that the mare, when she came to Townshend that evening, which was on Friday evening, the first of October, 1841, was ailing, and so continued until Monday following, when she appeared better ; that the plaintiffs then drove her in the stage from said Townshend to Brattleboro, a distance of seventeen miles, in three hours, in a rainy day, and returned with her in the stage to Townshend, the day following ; that she showed symptoms of illness on the day to and from Brattleboro, and on the Monday following ; that they doctored the mare in the most prudent and best way — that she did not eat, and that it was thought prudent to exercise her to restore her appetite.

The defendant requested the court to charge the jury that, if the place where the accident happened, was without the limits of the bridge, although in the road by the side of it, the plaintiffs were not entitled to recover ; or if the place where the hole was broken through, was in the solid part of the highway, which had been well made, where it could not have been known to any, or anticipated as likely to have happened, although it was by the side of the bridge, that the town was entitled to a reasonable time to repair the same, before they could be made liable ; and, furthermore, that the plaintiffs, knowing their said beast to be ill, were bound to use proper care in the treatment of her, and that, if her death was occasioned by her being driven to Brattleboro in the manner she was, that the plaintiffs could not recover for the loss.

But the court did not so charge the jury, but did, on the contrary, charge them, that the plaintiffs must prove, in order to recover, that the injury happened to the mare in consequence of the insufficiency of the bridge, or the abutments of the bridge ; but if the jury believed that the hole in the road was in the abutment, or on the outside of, and adjoining,

WINDHAM,
*February,*
1843.

Bardwell &
Huntington
*v.*
Jamaica.

the logs on which the planks were laid, and was occasioned by the rottenness or decay of the timbers or plank, it would be an insufficiency, or want of repair, within the terms of the declaration of the plaintiffs ; —

That the town was made liable, by the statute, for the insufficiency or want of repair of their roads and bridges, and that, if the said insufficency happened in consequence of the decay of the timbers or plank, and the plaintiffs had sustained an injury thereby, the town was liable, notwithstanding they had no notice of the same, or had not had time to repair the bridge after the insufficiency was discovered ; —

That the plaintiffs, if they were entitled to recover on the evidence exhibited, should recover all the damages which they had sustained, as a direct and necessary consequence of the injury complained of, and no more ; that they were bound, after they discovered the mare was ill, to use proper care in the treatment of her ; and if the jury believed that they doctored her in the way considered prudent and best by those who saw her and were acquainted with the manner of doctoring and healing horses injured, and put her into the team and drove her to Brattleboro for the purpose of exercise, believing, at the time, that exercise was necessary for her recovery, and to restore her appetite, and did not drive her immoderately or imprudently, the plaintiffs might recover for the value of the mare, although it might afterwards appear that such driving was injurious, and occasioned her death — if the primary cause of her sickness and death was the injury she received on the road.

To these parts of the charge, the defendant, after a verdict for the plaintiffs, excepted.

*W. C. Bradley,* for defendant.

1. It might be unnecessary for the plaintiffs to describe the *precise* local situation out of repair, and where the injury happened by reason thereof; but if they choose to do so, they must prove it as laid, and a variance is fatal. 2 East, 200; 4 Starkie Ev. 1574; 2 Cowen's Phill. 536, 506. Here it was necessary for the plaintiffs to allege some place out of repair, and also where the injury happened, that the charge might be definite, and the defendant prepared for de-

WINDHAM,
*February,*
1843.

Bardwell &
Huntington
*v*
Jamaica.

fence. Now, *the bridge* is the place and the *only place* alleged to have been out of repair, and that the injury happened while the plaintiffs were passing the bridge and by reason of the insufficiency of the bridge. It is contended that a failure in proving either of these facts entitles the defendant to a verdict; and that proof of an injury happening elsewhere, no matter at how small a distance, is a variance, and will not support the declaration upon which a general verdict has been given.

2. If there was no appearance of defect, or from which it might have been inferred, as the plaintiffs have alleged a scienter, they ought to have been holden to prove it.

3. The charge was incorrect, in first directing the jury that the rule of damages was what the plaintiffs had sustained "as a direct and necessary consequence of the injury complained of, and no more," and then charging them, that, if the death of the mare was occasioned by the injurious driving her, when she was already sick from the previous cause, on another, and a rainy day, in the plaintiffs' stage to Brattleboro, the plaintiffs might recover her value, if they did not drive her immoderately and imprudently, and believed that exercise was necessary for her recovery, and to restore her appetite—if the primary cause of her sickness and death was the injury on the road. This is believed, besides, to be altogether too indefinite and perplexing to the jury.

*D. Kellogg,* for plaintiffs.

The first alleged error in the declaration, and in the charge of the county court is that the abutments were considered a part of the bridge, for the purposes of this action. In this there was no error. The terms "highway" and "bridge" include *all* that constitutes a public thoroughfare, and exclude each other. These are the only terms used in the Rev. Stat. (except the word causeway is used, ch. 21, § 38,) and they invariably exclude each other. *Osmond* v. *Widdicombe,* 2 Barn. & Ald. 49; 1 Black. Com. 357. And such is the ordinary construction. See Webster's Dictionary—bridge, pier, trestle, abutment; Rev. Stat. ch. 20, § 20–40; ch. 21, § 26. Is not the abutment within the *reason* of the statute referred to? *Brookline* v. *Westminster,* 4 Vt. 224.

WINDHAM,
February,
1843.

Bardwell &
Huntington
v.
Jamaica.

In England, the parish is bound, of " common right," (1 Black. Com. 357) to construct and repair the " highway," while the county or other municipality or person may be bound to repair a " bridge" connected with the " highway." The statute, 22 Hen. VIII, ch. 5, ascertaining and fixing the limits of " bridges" at 300 feet from each end of the suspended structure, was only declaratory of the common law. 4 Petersd. Ab. 497 ; *Rex* v. *W. R. York,* 7 East. 588 ; 22 Eng. C. L. R. 189 ; *Noyes* v. *Morristown,* 1 Vt. 353 ; 35 Eng. C. L. R. 329.

The opinion of the court was delivered by

HEBARD J.—The defendant requested the court to charge the jury " that if the place where the accident happened was without the limits of the bridge, although in the road by the side of it, the plaintiffs were not entitled to recover." It is usual for the court to instruct the jury upon every point requested, when there is evidence tending to establish the position contended for. But this case discloses no testimony tending to establish any such fact. The case finds that the testimony tended to prove that the plaintiffs' mare broke through the bridge, and no other testimony upon that point is alluded to in the case. This proof, then, corresponds with the declaration substantially.

But, upon another point, the court gave instructions to the jury, of which the defendant complains. The court charged the jury that, in order to recover, the plaintiffs must prove that the injury happened to the mare in consequence of the insufficiency of the bridge, or the abutments of the bridge.

We think that charge correct. The abutment, in the sense in which the term is, ordinarily, used, is a part of the bridge. The abutment has such an immediate connexion with the other parts of the bridge, that, in speaking of a bridge, in connexion with the use for which bridges are erected, we can no more exclude the abutment from our minds than the flooring, or the frame-work, of the bridge.

The defendant further excepts to the charge of the court in relation to notice of the insufficiency of the bridge, to which the town was entitled. The statute makes towns liable for all damage that happens by reason of the insufficiency of any road ; and no exception or provision is con-

tained, in the statute, requiring notice to be brought home to the town.   If notice is required, of the insufficiency of a road, before the town is liable, there must be some provision in the statute defining what shall be deemed notice, and to whom, and in what manner, notice shall be given, to be legal.   Without such provision it would be difficult to give any notice that the law would regard.

The defendant also complains of the charge in reference to the damages.   The jury must have found that the injury was sustained by the fault of the town, without any fault on the part of the plaintiffs, or they would not be entitled to recover any damage ; and the charge of the court puts it upon this ground.   The primary cause of the death of the plaintiffs' mare being the fault of the town, the plaintiffs are entitled to recover the whole amount of the damage, unless it has been increased by their subsequent negligence or misconduct ; — and this was left for the jury to find.

<div align="center">

Judgment affirmed.