Dickman, J.
The original action was brought in the court of common pleas of Cuyahoga county, by Edward Humphrey against Loeser & Co., for alleged carelessness, in leaving their horse insecurely tied, yvhereby he broke away and ran with the wagon to which he was harnessed, into the wagon of Humphrey, and severely injured him in his person. At the trial the plaintiff gave testimony tending to prove that, by reason of the collision and accident, the plaintiff had suffered a concussion of the spinal chord and brain, resulting in an injury to his eyesight, which was *380 thereby much impaired; and that in consequence of his injuries, his ability to walk was also much impaired, with other consequential damage. The defendants to maintain the issue on their part, gave testimony tending to prove that the ordinarily approved medical treatment in such cases was to administer currents of electricity to the patient and the injured parts, and that if such had been done in the present case, the condition of the plaintiff would have been better than it was; that for want of such treatment his condition was rendered worse, and more likely to be permanent than it would have been had electricity been applied.
There was a verdict and judgment for the plaintiff.
The district court affirmed the judgment of the court of common pleas, and this proceeding is now prosecuted to reverse the judgment of the district court.
The only assignments of error which we deem it material to consider are, that the court erred in its charge to the jury, and in refusing to charge the jury as requested by the defendants below. The court charged in reference to the medical treatment of the plaintiff for his injuries, as follows:
“ If the plaintiff is entitled to recover any damages, then he is entitled to recover an amount sufficient to compensate him for the injury which he has actually sustained, so far as the damages to him naturally and directly flowed from and were caused by his wounds, bruises, &e., caused by defendants’ acts or negligence complained of. After the plaintiff was injured he was bound to use ordinary care and prudence, under all the circumstances, to take care of himself and his wounds; and if he employed a physician of good standing and reputation, supposing and having reason to think he was such, and who, in fact, was such, as it is admitted he was in this case, then, though the physician may not have used all the approved remedies, or that remedy which would have been most suitable in the case, or which a good medical man would have used under the circumstances, and on account of the failure to use Such usual or proper remedy, his condition is worse than it would be had it been used; still, plaintiff may recover for his *381 actual damages, if he himself has not been negligent; and such treatment or failure to use such remedy merely, will not prevent him from recovering the full extent of his injuries as aforesaid.”
It is contended in behalf of the plaintiffs in error, that the court, in this portion of its charge, interfered with the province of the jury, and withdrew from them the determination of the question, whether Humphrey had used ordinary care in providing himself with a physician, and virtually said to them, that if Humphrey employed a physician of good standing and reputation, he had thereby exercised ordinary care. Whether the instruction of the court on this point was erroneous or not, we deem it unnecessary to inquire, as we do not consider the instruction material, it not having been claimed at the trial, and the record disclosing no evidence that there was any want of ordinary care and prudence on the part of Humphrey, in securing proper medical or surgical assistance. As an instruction to the jury in reference to the care which he should have exercised in employing a physician, was not therefore material, the judgment will not be reversed, on the ground that such instruction was erroneous. Loundenback v. Collins, 4 Ohio St., 251; Creed v. Com. Bank of Cincinnati, 11 Ohio, 489; Wash. Mut. Ins. Co. v. Reed, 20 Id., 202, 206, 207; Kugler v. Wiseman, Id., 361; Walker v. Lessee of Devlin, 2 Ohio St., 605.
It is conceded that at the time Humphrey was injured, no negligence of his own contributed to his injury. His cause of action was then complete, and Loeser & Co. became liable for the natural and proximate consequences of the collision occasioned by their negligence. In tracing the boundary between consequences, proximate and remote, it is difficult, as remarked by Professor Parsons, to lay down a definite rule of great practical value or efficacy, in determining for what consequences of an injury a wrong-doer is to be held responsible. Law of Contracts, vol. 2, p. 457. In Harrison v. Berkley, 1 Strobh., 548, it was said, “ He shall not answer for those which the party grieved has con *382 tributed by his'own blamable negligence or wrong to produce, or for any which such party, by proper diligence, might have prevented.”
There can be no dispute but that Humphrey acted in good faith, showed due diligence, and used reasonable means to effect his cure and restoration. He employed a physician “ of good standing and reputation.” It was not incumbent upon him to incur the greatest expense, and call in the most eminent physician or surgeon of the highest professional skill, and most infallible judgment, before he could hold the defendants answerable for the condition in which he was left at the end of his medical treatment. Having exercised ordinary care and reasonable judgment in selecting a physician, he was not requked, as said by the court, in Stover v. Bluehill, 51 Me., 439, “to insure, not only the surgeon’s professional skill, but also his immunity from accident, mistake or error in judgment,” in order to recover of the original wrong-doer, damages arising from no fault on his part, and from causes beyond his power to control.
It seems to be well settled, that where one is injured by the negligence of another, if his damage has not been increased by his own subsequent want of ordinary care, he will be.entitled to recover of the wrong-doer to the full extent of the damage, although the physician whom he employed omitted to apply the remedjr most approved in similar cases, and by reason thereof the damage of the injured party was not diminished as much as it otherwise would have been. Lyons v. Erie Ry. Co., 57 N. Y., 489; Tuttle v. Farmington, 58 N. H., 13; Stover v. Bluehill, supra; Bardwell, et al. v. Jamaica, 15 Vt., 438; Collins v. Council Bluffs, 32 Iowa, 324; Rice v. Les Moines, 40 Id., 638; Eastman v. Sanborn, 3 Allen, 594; Page v. Bucksport, 64 Me., 51.
The collision must be treated as the proximate cause of Humphrey’s damage. It was that that imposed upon him the necessity of employing a physician, and of being subject to all the contingencies attendant upon the present imperfect state of medical science. In Insurance Co. v. *383 Boon, 5 Otto, 117, Strong, J. said: “The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation.” In Byrne v. Wilson, 15 Irish C. L., 332, 342, a stage-coach by the negligence of the driver, was precipitated into a dry canal. The lock-keeper thereafter negligently opened the gate of the canal and drowned a passenger. Under Lord Campbell’s act, the Irish Court of Queen’s Bench held, that the death of a passenger under such circumstances, in the language of the act, was “ caused” by the negligence of the driver. The passenger would not have lost her life but for the subsequent act of letting in the water, which was not the necessary consequence of the previous precipitation by the negligence of the defendant’s servant. But, in the opinion of the court, the defendant was not relieved from liability for his primary neglect, by showing, that but for such subsequent act, the death would not have ensued. And in Page v. Bucksport, supra, the plaintiff was driving over a defective bridge in the defendant town, when, without his fault, the horse broke through the bridge and fell. The plaintiff, in trying to extricate the horse received a blow from the horse’s head, and was injured by it. He was at the time exercising ordinary care. It was held, that the defect in the way was the proximate cause of the injury.
The defendants requested the court below to charge the jury that “if the attending physician did not give the plaintiff the ordinarily approved treatment, and his case is worse on that account than it would otherwise have been, then, to that degree the defendants would not be liable for his said worse condition.” The court refused so to instruct the jury, and in so refusing, we think there was no error. If the condition of Humphrey was worse because his physician did not give the ordinarily approved treatment, it cannot be attributed to any want of care and prudence on Humphrey’s part in securing medical or surgical aid.
The judgment of the district court, we are of opinion, should be affirmed.

Judgment accordingly.