## JULIA M. COOK *v.* TOWN OF BARTON.

*Insufficiency of Highway. Statement of in declaration. Demurrer.*

In an action against a town it is sufficient, upon general demurrer, to allege that the injury was received through the insufficiency of a *highway*, for while the proof must show that the want of repair was in a bridge, sluice or culvert, those localities are, under R. L. s. 24, portions of the highway, and the place of the accident need not be particularly described in the declaration.

Action for insufficiency of a highway. Heard upon general demurrer to the third count in the declaration, at the February term, 1891, Tyler, J., presiding. Demurrer overruled. The defendant excepts.

The third count was as follows:

"Also in a further plea of the case, for that on the second day of September, A. D. 1890, there was within the said town of Barton a certain other open highway leading from the dwelling house then and now occupied by Asahel Buswell to and past the dwelling house then and now occupied by Edgar R. Cook in said Barton, and being the highway in said Barton which runs past the dwelling house of said Asahel Buswell in said Barton to Irasburg in said county, which said last named highway it then was, and for a long time before, had been, the duty by law, of the said town of Barton to maintain and keep in good and sufficient repair for the safe passing of travelers with their carriages and teams thereon, but which said last named highway was, on the day and year last aforesaid, at Barton aforesaid, and for a long time theretofore had been out of good repair, insufficient and unsafe; and the plaintiff avers that on the day and year last aforesaid, at Barton aforesaid, she was passing along upon and over the said last named highway in a carriage drawn by one horse, and that then and there, without fault on her part, and by

reason of the insufficiency and want of repair of the said last named highway, the said plaintiff was thrown from said carriage in which she was then and there riding over and upon said last named highway, and thereby she, the said plaintiff, was greatly injured, etc."

*W. W. Miles,* for the defendant.

A town is liable for the insufficiencies of its highways only by virtue of some statute. *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114.

The present statute provides that towns shall be liable for the insufficiency of bridges, culverts and sluices alone, and the general term "highway" does not include these. I. Bouv. L. Dict. p. 193.

Admitting that it does, the place of the accident is not described with sufficient certainty. 1. Chit. Pl. pp. 231, 337, 261.

*F. W. Baldwin* and *Dickerman & Young,* for the plaintiff.

The term "highway" includes bridges. R. L. s. 24.

The place of the accident was described with sufficient certainty. *Stickney* v. *Maidstone,* 30 Vt. 738; *Church* v. *Westminster,* 45 Vt. 380; *Ranney* v. *Sheffield,* 49 Vt. 191; *Bovee* v. *Danville,* 53 Vt. 183; *White* v. *Stone,* 43 Vt. 510; *Mullen* v. *Rutland,* 55 Vt. 77; *Knox* v. *Wheelock,* 56 Vt. 191.

The statutory liability as to bridges was not changed by the act of 1880. *Willard* v. *Sherburne,* 59 Vt. 361.

The statute requires notice of the place, etc., to be given, but this need not be averred in the declaration. *Matthie* v. *Barton,* 40 Vt. 286.

The opinion of the court was delivered by .

START, J. This cause was heard on the defendant's demurrer to the third count of the plaintiff's declaration. This count sets forth that the plaintiff was injured by reason of the in-

sufficiency and want of repair of a certain described *highway* which the defendant was bound to maintain and keep in repair.

It is insisted by counsel for the defendant that this allegation shows no cause of action against the defendant, and that towns have not been liable for injuries received upon highways since the passage of No. 62, Acts of 1880. It is conceded that towns are liable for injuries received by reason of the insufficiency and want of repair of *bridges, culverts* and *sluices ;* and the only question to be considered is, whether the allegation that the injury was received upon a *highway* by reason of its insufficiency and want of repair, shows a cause of action against the defendant. In other words, is it necessary to show by the declaration that the injury was received by reason of the insufficiency and want of repair of a bridge, culvert, or sluice ? If bridges, culverts or sluices are highways, then the declaration shows a legal cause of action, unless it is necessary to show by the declaration that the injury was received by reason of the insufficiency and want of repair of a particular portion of a highway, commonly called a bridge, culvert, or sluice. Section 24 of R. L. provides that, " The word 'highway' or 'road' shall include bridges thereon." Since the passage of this statute, a bridge may properly be called a highway, and the allegation in a declaration, that an injury was received by reason of the insufficiency or want of repair of a *highway*, sufficiently shows a cause of action for which a recovery may be had, provided the proof shows that the injury was received by reason of the insufficiency or want of repair of a bridge. The injury shown by the declaration is one for which the defendant town may be liable. Its liability must be determined by the proofs. *Barber* v. *Essex,* 27 Vt. 62; *Bardwell* v. *Jamaica,* 15 Vt. 438. In the case of *Bardwell* v. *Jamaica, supra,* the declaration alleged an injury to have been occasioned by the insufficiency of a bridge. The proof was of a defect in the abutment, and the court held there was no variance.

The statute giving a remedy for injuries received upon high-

Cook *v.* Barton.

ways does not require the place of the accident to be described in the declaration with certainty. The notice required must be such as to inform the officers of the town where, and in what respect, the highway is insufficient, but it has never been held that the declaration must point out with certainty the place of the accident, or in what respect the highway was insufficient; and there seems to be no good reason for requiring declarations in this class of actions to be drawn with any greater certainty than in common law actions.

*Judgment affirmed, and cause remanded.*