S. C. AND MARY J. NOBLE v. THE VILLAGE OF ST. ALBANS.

*Incorporated Village, when not Liable for Damage caused by Surface Water discharged from Street Culvert.*

1. The defendant village is not liable for damage caused by surface water discharged from one of its street culverts into a ditch on the plaintiffs' premises, when it appeared, that the natural flow of the water was on his land; that the culvert was necessary; that the ditch and culvert had existed for more than twenty-three years; and it did not appear, that the culvert caused the water to flow in increased quantities, nor claimed but that it was well constructed.
2. Nor is the defendant liable by reason of sewage discharged from the culvert, it not appearing that the defendant had any knowledge of it, the culvert having been made solely to conduct the surface water.

ACTION to recover damages claimed to have been caused by turning surface water and sewage on to the plaintiffs' land. Heard on the report of a referee, September term, 1883, ROYCE, Ch. J., presiding. Judgment for the defendant.

*Edson, Cross* and *Start,* for the plaintiff.

While municipal corporations are not liable for the natural flow of surface water, when they undertake to exercise a control over such water, by collecting it at a given point and discharging it through a sewer directly upon private property and thereby destroy or damage such property, they are liable. *Haynes* v. *Burlington,* 38 Vt. 350 ; *Felch* v. *Gilman,* 22 Vt. 38 ; *Nevins* v. *Peoria,* 41 Ill. 502 ; 8 Hun, 587 ; 4 Wait Act. & Def. 642 ; 22 Minn. 159 ; *Ashley* v. *Port Huron,* 35 Mich. 296 ; *Livingstone* v. *McDonald,* 21 Iowa, 160 ; *Winn* v. *Rutland,* 52 Vt. 481 ; *O'Brien* v. *St. Paul,* 18 Minn. 176 ; *Jones* v. *New Haven,* 34 Conn. 1.

*Wilson & Hall*, for the defendant.

The village is not liable for damage caused by surface water. 2 Dill. Mun. Cor. ss. 772, 777, 798; *Winn* v. *Rutland*, 52 Vt. 481; *Hyde* v. *Jamaica*, 27 Vt. 459; 4 Wait Act. & Def. 632; *Wolcott* v. *Swampscott*, 1 Allen, 101; *Barney* v. *Lowell*, 98 Mass. 870; *Flagg* v. *Worcester*, 13 Gray, 798.

To entitle plaintiffs to recover, negligence must be shown on the part of the defendant in the discharge of some duty imposed by law; and that such negligence was the cause of plaintiffs damage. 2. Dill. Mun. Cor. 790; 46 Barb. 604; *Kimball* v. *Baxter*, 27 Vt. 628; *Riley* v. *Noyes*, 44 Vt. 455; *Hill* v. *New Haven*, 37 Vt. 510.

The opinion of the court was delivered by

VEAZEY, J.   The plaintiffs claim that the surface water and sewage of Mr. Royce, which passed through a culvert across Main street in the defendant village, and discharged into a ditch on the plaintiffs' premises, caused them damages by washing away soil in times of heavy rains, and by depositing offensive and unhealthy material at other times in proximity to their dwelling-house.

It appears in the report that the land on the opposite side of the highway from the plaintiffs' premises is from twenty to twenty-five feet higher than on the plaintiffs' side, and that the natural flow of the surface water is down across said highway and on to the plaintiffs' land.   Also that this culvert was necessary as an outlet for the surface water on said opposite side of the street, and that the natural outlet from the culvert was upon and across the premises of the plaintiffs, and that the culvert and ditch on the plaintiffs' premises into which the culvert discharged, had existed and been used for the same purpose for more than twenty-three years.

This is as far as the report goes in this direction.   Assuming that the other grounds of defence argued are not tenable, which is not decided, and that this defendant might be liable, under a sufficient showing, for discharging surface water from a highway

culvert upon the premises of an adjoining owner, we think the report fails to find the facts essential to establish th e liability in this case. There is no claim but that the culvert was proper and necessary for the purposes of the highway, and was well constructed. It had been there for a long time; and it does *not* appear that it was not where the surface water naturally flowed, or that it caused the water to be discharged in increased quantities or with collected force and destructiveness upon the plaintiffs' land. It would be advancing upon debatable ground to hold that a municipality may not take water from one side of a highway to the other, by a culvert, when that would be a proper improvement of the highway, although it would then flow on to the adjoining land to its injury, and had not flowed in that direction before. But that question does not arise upon this report. Many of the authorities upon this subject are cited in Dillon on Mun. Cor., ss. 998, 999. The general principle is, that there is no implied liability for damages necessarily occasioned by the construction of any municipal improvement authorized by law, if the work is executed in a proper and skillful manner.

It is further claimed by the plaintiffs that the defendant is liable by reason of the sewage discharged from this culvert. The answer to that is, that the culvert was not made for a sewer, but solely to conduct the surface water; and that it does not appear that the defendant ever gave permission or knew that Mr. Royce's sewage flowed into it, or that he had any permission or right to turn his sewage into it or into the street anywhere. He would have no such right without permission. The defendant is not liable for *his* wrongful act, if it was wrongful, without any notice or knowledge of it,.or of such facts as would charge it with knowledge. 2 Dillon, s. 3790.

Under these views there was no occasion to recommit the report.

Judgment affirmed.