# C. C. WHIPPLE AND WIFE *v.* THE VILLAGE OF FAIR HAVEN.

*Liability of municipality for acts of agents. Equity. Jurisdiction. Damages.*

1. Where the trustees of a village are empowered to repair and maintain its streets, and in so doing construct ditches along the highway and a tile drain extending some eight feet onto the premises of an abutting land owner, through which the surface water is collected and discharged upon such premises, the municipality is liable for damages sustained, if it suffers the drain to continue in that condition after notice ; and the knowledge of its trustees will be its knowledge.

2. A court of equity has jurisdiction to enjoin the continuance of the wrong.

3. As an incident to that jurisdiction it may ascertain and compel the payment of damages already sustained.

4. Such damages only can be recovered as had accrued before the commencement of the suit.

5. The drain having been removed before final decree, there is no occasion for an injunction, but damages alone will be decreed.

Bill in chancery to enjoin the defendant from the maintenance of a certain culvert, and to compel the payment of damages already done by the discharge of water upon the orator's premises through said culvert. Heard at the September term, 1889, upon the pleadings and a master's report. Powers, chancellor, dismissed the bill *pro forma*. The orator appeals.

The premises in question were a ravine in the village of Fair Haven. This ravine was adjacent to the highway, which descended at that point from both directions. Upon each side of the highway were ditches which conducted the surface water down to a crossing opposite the premises. This rendered the crossing wet, and for the purpose of draining it, the trustees of the village constructed a culvert by which the surface water was

discharged upon the premises.     This occasioned some damage
and the orator threatened to bring suit.   A compromise was fin-
ally effected by which the trustees agreed to do certain grading
and to conduct the water some distance into a ditch, by
which it would be carried off without damage.   The grading
was done, and a tile drain was carried for about eight feet
from the street line onto the orators' land.  The parties not being
able to agree as to the best course to be taken from that point,
the drain was suffered to remain in that condition.   As a result
the surface water was discharged upon the orator's land through
this drain to her damage.

The master assessed damages from the time of the comple-
tion of this drain down to the hearing, in the sum of $125 ; re-
porting that one-half these damages accrued before the bringing
of the bill and one-half after.

*W. C. Dunton* and *Henry Ballard,* for the orators.

No objection was taken to the jurisdiction until after a trial
upon the merits.   Such objection cannot now be insisted upon.

1 Dan. Ch. Prac. (5th Ed.) 555; *Cutting* v. *Dana,* 10 C.
E. Green 265; *Bank Bellows Falls* v. *Rut. & Bur. R. R. Co.,*
28 Vt. 471; *Mass. Gen. Hospital* v. *Life Ass. Co.,* 4 Gray 227;
*Livingston* v. *Livingston,* 4 John. Ch. 287; *Barnes* v. *Doe,* 59
Vt. 530; *Smith* v. *Rock,* 59 Vt. 432.

The defendant is liable for collecting the surface water and
discharging it upon the land of the orators.

*Field* v. *Inhabitants West Orange,* 3 N. J. Eq. 118; *Foot* v.
*Bronson,* 3 Lans. 47; *Winn* v. *Rutland,* 52 Vt. 481.

The right of action being established, damages should be as-
sessed to the time of trial.

*Fulsome* v. *Concord,* 4 Vt. 135; *Whitney* v. *Clarendon,* 18
Vt. 252; *Lowry* v. *Walker,* 5 Vt. 181; *Spear* v. *Stacy,* 26 Vt. 61.

*Geo. M. Fuller* and *R. C. Abel,* for the defendant.

A suit in equity cannot be sustained. The orator had a full remedy at law.

*Marble & Slate Co.* v. *Adams*, 46 Vt. 496; *Currier* v. *Rosebrooks and Town of Brighton*, 48 Vt., 34; Bisp. Eq. § 436; *Smith* v. *Pettengill*, 15 Vt. 82; *Jerome* v. *Ross*, 7 John. Ch. 315.

Damages should have been assessed only to the commencement of the suit.

*Downer* v. *Wilson et al.*, 33 Vt. 1; *Ormsby* v. *Low*, 24 Vt., 436; *Waterman* v. *Buck*, 58 Vt. 519; *Bardwell* v. *Ames*, 22 Pick. 333.

The trustees were in the discharge of a public duty as public officers, and the village was not responsible for their acts in that capacity.

*Weller* v. *Burlington*, 60 Vt. 35; *Mitchell* v. *City of Richland*, 52 Me. 123; *Hill* v. *City of Boston*, 122 Mass. 350; *Riddle* v. *Proprietors*, 7 Mass. 187; *Welch* v. *Village of Rutland*, 56 Vt. 228, and cases cited; *Wilcox* v. *City of Chicago*, 16 Rep. 652.

The opinion of the court was delivered by

ROWELL, J. The charter of the village authorized it to make such by-laws as it deemed best in relation to streets and public highways, and the cleaning, repairing, and improving of the same. The general law gave it substantially the same authority. R. L. 2786. The by-laws of the village, adopted pursuant to its charter, divided its territory into highway districts, and made it the duty of its trustees to see that the highways and walks were at all times kept in proper repair, and suitable drains provided for taking the water therefrom, and to maintain the same.

The business of keeping highways in repair being governmental in its nature, and a thing that the municipality does as it were for and on behalf of the State, *Weller* v. *Burlington*, 60 Vt. 28, it is claimed that the trustees of the village, when engaged in and about that business, were not the servants of the

village but of the State or the general public, and that therefore the doctrine of *respondeat superior* does not apply and hence, that the village is not liable in respect of the matter complained of.

But if the doctrine of *respondeat superior* does not apply, the case is not therefore with the defendant.

The drain in question was extended beyond the limits of the highway onto the orator's land, under an agreement with the trustees that they did not fulfill, whereby the damage complained of ensued, and was occasioned by the collection of large and unusual quantities of surface water by means of gutters on the sides of the streets, and the discharge of it through the drain with destructive force upon the orator's land. No right existed to do this, in the circumstances. The orator's land could not be thus subjected to servitude for the benefit of the public. *Field v. West Orange*, 36 N. J. Eq. 118, affirmed on appeal, 37 N. J. Eq. 600; *Byrnes v. City of Cohoes*, 67 N. Y. 204; *Inhabitants of Franklin v. Fisk*, 13 Allen, 211; *O'Brine v. City of St. Paul*, 25 Minn. 333; (33 Am. Rep. 470.)

Now, although the village may not be liable for what its trustees did in the premises, for the reason claimed, yet as between the village and the orators it was the duty of the village to see to it that the water was not thus wrongfully discharged; and as it omitted that duty, the damage consequent thereon is imputable to its own negligence and not to the wrongful act of the trustees in leaving the drain as they did.

This was not a general duty the village owed to the orators as a part of the public at large, but a special duty that it owed to them as individuals in respect of the property injured.

*Haynes v. Burlington*, 38 Vt. 350, is considerably in point. When the highway there in question was built, a culvert was made under it, which answered for many years for the passage of a natural stream of water. But the highway surveyors and the street commissioners raised the grade of the street from year to year over the culvert, and the earth washed and slid down so as

to enlarge the base of the embankment, whereby the culvert, not being correspondingly lengthened, its mouth finally became so choked and stopped as to obstruct the flow of the stream through it, which caused the water to set back and damage plaintiff's land and premises. It was contended there as here, that the town was not liable, because the damage was occasioned by the unlawful or negligent conduct of its officers, who were not its servants when repairing highways. But the court said that if the culvert was obstructed by such conduct of its officers, and the town neglected after reasonable notice to remove the difficulty, it would be liable, because it was as much its duty to keep and maintain a suffi-. cient passage for the water as to provide one in the first place;. which last it had to do by statute ; that if its officers neglected to extend the culvert to correspond with the increased width of the embankment, it was the duty of the town to cause it to be done by some other means.

In the case at bar there was notice to the village, for its trustees had knowledge of the fact, and it was their duty to act in respect of it, and therefore their knowledge, even though obtained when not acting as agents of the village, was notice to the village. *Hart* v. *Farmers & Mechanics Bank*, 33 Vt. 252; 4 Am. Law Reg. (N. S.) 138; Note to *Bank* v. *Whitehead*, 36 Am. Dec. 188; *Carrington* v. *St. Louis*, 89 Mo. 208 ; 58 Am. Rep. 108.

The defendant also claims that the orators have an adequate remedy at law, and therefore cannot resort to chancery.

The case of *Field* v. *West Orange*, 36 N. J. Eq. 118, above referred to, which is very much like this case in its facts, is full authority for granting the injunction prayed for ; and it is a familiar rule that when the Court of Chancery has jurisdiction of a case for one purpose it will retain it for all other purposes and dispose of the whole matter. And this is a salutary rule, for it prevents litigation, and to end that is for the public good.

As to the amount of damages, the finding that the defend-ant has lost nothing by the orators' not attempting to prevent

damage, sets at rest the claim that they can recover no more than it would have cost them to prevent it.

The only other claim as to the amount recoverable is, that nothing can be included for damage done after suit brought; and this claim is sustained on the authority of *Waterman* v. *Buck*, 58 Vt. 519, from which this case is not distinguishable in principle.

As the master finds that in June last the trustees of the village took up this drain and turned the surface water in another direction so that it no longer flows onto the orator's land, no occasion exists for issuing an injunction.

*The damages sustained up to the time of bringing the bill being found to be $62.50, the orators are entitled to a decree for that sum, with interest thereon from that date. Reversed and remanded.*

Rowell, J., doubts, and Tyler and Munson, JJ., dissent.