## Norman R. and Alice E. Spafford v. Theodore Kieffer

[ 249 A.2d 398 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed January 7, 1969

*Cranston H. Howe, Esq.,* for the Plaintiffs.

*French & Miller* for the Defendant.

**Shangraw, J.** The defendant purchased a parcel of land in Castleton, Vermont about October 1960 with the view of establishing a mobile home park thereon. At the request of the defendant, plaintiff, Norman R. Spafford drilled a well on this property in 1961 to the depth of 510 feet for which he was fully paid by the defendant. This well produced only three gallons of water per minute.

The water supply from the 1961 well proved to be inadequate. In January 1964 the defendant engaged Mr. Spafford to drill another well on this land at the agreed cost of $7.00 per foot, as evidenced by a contract signed by the parties dated January 21, 1964. This second well was driven to the depth of 490 feet. It was producing two gallons of water per minute when the drilling was stopped by Mr. Kieffer. This well also failed to produce a sufficient amount of water to supply the defendant's requirements. Both drilling sites were selected by the defendant. Over the years mobile homes were installed by the defendant on this property. At time of trial in May of 1967 there were twenty-three mobile homes and two houses thereon.

The defendant then engaged William Smith, another well driller, to drill a well. This was done about 60 feet southwest of Spafford's first well. When driven to the depth of 86 feet, this well produced 15 gallons per minute of very good water. The defendant, still having trouble with the Spafford wells, and pleased at his good producing well driven by Mr. Smith, again hired Smith to drill a second well. This second well was driven 45 feet south of Spafford's second well. At a depth of 90 feet Mr. Smith struck plenty of good water. Later to confirm his belief that the result in production of the several wells was more than mere coincidence, the defendant requested Mr. Smith to drill a well 30 inches away from Spafford's 1964 well. At 40 feet Smith found a large quantity of very clear water.

The defendant ran out of funds after paying for the first Spafford well, and the equipment for the second well. Mr. Spafford arranged to finance the cost of drilling the second well with a promissory note dated May 15, 1964 and written for the sum of $4,356.75. This note included carrying charges, and according to its terms was to be amortized by regular monthly payments. This note was signed by the defendant as maker and payable to the Rutland County Bank. It was

also signed on the back thereof by each of the plaintiffs following a printed form in part reading, "For value received, I, we, or either of us jointly and severally guarantee the payment of the within note, * * *." The plaintiff received the proceeds of this note from the bank. At that time, the defendant did not make contact with the bank nor did he receive any of the proceeds of the note.

The defendant made the required monthly payments on the note up to and including June 14, 1965. No further payments were made by him and monthly payments on the note became overdue. On August 6, 1965 Mr. Spafford made a payment of $242.00; on September 27, 1965 he made another monthly payment of $121.00; and on October 5, 1965 Mr. Spafford paid the then remaining balance of $2,420.00. At this time the bank assigned the note to plaintiffs, Norman and Alice Spafford.

This action was brought to recover on the above note. By way of answer the defendant pleaded: (1) general denial, admitting however his execution of the note in question; (2) failure of consideration; (3) that plaintiffs, in drilling this second well, did not do so in accordance with their contract and agreement, but performed in an unworkmanlike manner, resulting in a failure of the well to furnish sufficient water; and (4) that plaintiffs drilled the well to a depth that was unnecessary and passed through supplies of water much closer to the surface of the ground, which resulted in a charge for drilling much more than it should have been.

The defendant also filed a claim in offset of $7,000.00. In support of this claim the defendant, in substance, alleged the same matters set forth in his answer, defenses (3) and (4). He also alleged that it became necessary for him to employ Mr. Smith to remedy the water situation, all to his damage.

Trial was had by jury in the Rutland County Court. At the conclusion of all the evidence the plaintiff moved for a directed verdict on two grounds. First, that the defendant had failed to prove the defense of failure of consideration by a preponderance of the evidence, and that this issue was not a proper one for the jury's consideration. Secondly, that the plaintiffs, as assignees of the Rutland County Bank, became holders of the note in due course and were not subject to any counterclaim or offset by the defendant.

In considering the first ground of plaintiffs Motion, and treating it as addressed to the suit upon the note, the court held that the de-

fendant had not, by the required measure of proof, sustained his defense of failure of consideration, and directed a verdict on this ground. By way of explanation of its action, the court expressed the view that failure of consideration could not be asserted against the plaintiffs in their status as assignees of the note. The second portion of plaintiffs' motion applying to the offset was denied.

■ In considering plaintiffs' motion for a directed verdict on the ground that the defendant had not, by the required measure of proof, sustained the defense of failure of consideration, we must view the evidence in the light most favorable to the party against whom it is directed. The effect of modifying evidence is excluded. *Appleyard Motor Transp. Co.* v. *Ray Co.,* 115 Vt. 519, 520, 66 A.2d 10; *Comstock* v. *Shannon,* 116 Vt. 245, 246, 73 A.2d 111. See *Berry* v. *Whitney,* 125 Vt. 383, 385, 217 A.2d 41.

■ The evidence established beyond question that the plaintiffs acquired the note in suit after it was overdue and with full notice that it had been previously dishonored by the defendant. In the presence of these factors, the plaintiffs cannot qualify as holders in due course under the Negotiable Instruments Law, 9 V.S.A. §422(2).

■ As stated in 9 V.S.A. §355 "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise." In the hands of the plaintiffs, the note became subject to the same defenses as if it were non-negotiable. *Harponola Company* v. *Wilson,* 96 Vt. 427, 432, 120 A. 895; *Silver Discount Corp.* v. *Blair,* 106 Vt. 11, 13, 168 A. 917; *Gramatan National Bank* v. *Pierce,* 121 Vt. 406, 416, 159 A.2d 781.

Defendant pleaded, (1) failure of consideration, (2) that the plaintiff did not do the drilling in accordance with the contract and performed in an unworkmanlike manner, and (3) that the plaintiff drilled much deeper than was necessary, passing through adequate water sources much closer to the surface to increase the charges for his services.

While there was no substantial evidence that the drilling by plaintiff was not done in a workmanlike manner, there was evidence that he exceeded the depth required to produce an adequate supply of

water. Testimony was received without objection that, as to the second well, "Some of Spafford's employees struck water a number of times but they had orders from their boss to continue on going." The last well drilled by Mr. Smith, which was productive at forty feet, was located only a matter of inches away from the well in suit.

■ The foregoing evidence was sufficient to permit the jury to infer that the drilling charges, for which the note was given, were excessive and beyond those required to obtain an adequate supply of water. Such evidence was sufficient to take the issues, raised by points 2 and 4 in the defendant's answer, to the jury. In directing a verdict for the plaintiffs, the trial court precluded the defendant from presenting the defenses which he asserted in his answer and supported in the evidence. This was error.

Over defendant's objections, the case was submitted to the jury. Defendant took certain exceptions to the charge. A verdict was rendered in favor of the plaintiff on the note for $3,661.30. By a separate verdict the jury also found the plaintiffs not liable on the defendant's claim in offset. Defendant filed a motion to set aside the verdicts, assigning several grounds in support thereof. This motion was denied. Judgment was entered on each verdict.

■ Although the plaintiffs made no claim in this respect, we have examined the full record to determine whether the error in this ruling was cured by the jury's verdict for the plaintiffs on the defendant's claim in offset. We are satisfied that it was not cured.

A retrial is necessary for a resolution of all issues presented by the pleadings. With such a result there appears to be no occasion to review other issues presented by this appeal.

*Judgment reversed and cause remanded for a new trial.*