### Charles Sargent and Betty Sargent v. Town of Cornwall

[292 A.2d 818]

No. 49-71

Present: Shangraw, C.J., Barney, Keyser, and Daley, JJ., and Gibson, Supr. J.

Opinion Filed June 6, 1972

*Langrock & Sperry,* Middlebury, for Plaintiffs.

*Donald D. Ferland* of *Conley & Foote,* Middlebury, for Defendant.

**Daley, J.** This is an appeal from a judgment of the Addison County Court entered upon a jury verdict directed by the court for the defendant. Viewing the evidence presented in the light most favorable to the plaintiffs against whom the motion was directed [see *Spafford* v. *Kieffer,* 127 Vt. 349, 352, 249 A.2d 398 (1969)], it shows that the plaintiffs are owners of a farm in the Town of Cornwall. Running adjacent to their farm is a town road, under which are three culverts. Through one of these culverts passes a natural stream of water. During January, 1970, the town road adjacent to the plaintiffs' property was washed out during the so-called January thaw. Subsequently, two of the culverts, including the one through which the natural stream flowed, became clogged, and the flow of the natural stream was diverted. The water from the diverted stream washed out the town road near the third culvert and proceeded onto the plaintiffs' property. One of the plaintiffs, Charles Sargent, notified the town road commissioner and several of the town selectmen about this sequence of events; however, no action was taken by the defendant town until April, 1970. Due to the situation not being remedied, the water flow continued onto the plaintiffs' property, and damages to their property resulted.

The plaintiffs sought recovery for damages to their property by commencing a tort action sounding in negligence in the Addison County Court against the defendant, Town of Cornwall. The defendant answered by way of a general denial. At the beginning of the trial, the court granted a motion by the defendant to amend its answer by denying liability on the ground of sovereign immunity. Later in the trial, the plaintiffs sought to amend their complaint by adding two counts. The

first count reiterated the negligence of the defendant in failing to maintain the culverts in its road. The second count alleged that the defendant's failure to maintain the culverts, which resulted in a ditch being formed on the plaintiffs' property by the subsequent water flow, amounted to the establishment of a drain, ditch or watercourse by the defendant town under the provisions of 19 V.S.A. §§ 1291–1296, hence, a taking of plaintiffs' property without compensation. See 19 V.S.A. §§ 1292–1294, 1296. The court allowed the first count to be added but denied the plaintiffs' motion to add the second count to their complaint.

At the close of the plaintiffs' case, the court granted the defendant's motion for a directed verdict and entered judgment accordingly.

The rule of law concerning a directed verdict for the defendant was stated in *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114, 125 (1849):

> ". . . [T]he court may, in their discretion, if they are satisfied that no cause of action is stated in the declaration and none proved on trial, stop the cause on trial, although the defendant have [*sic*] traversed the declaration, instead of demurring to it."

However, a verdict for the defendant would not properly be directed if the count stated a cause of action and there was evidence to support it. *Berkley* v. *Burlington Cadillac Co., Inc.*, 97 Vt. 260, 265, 122 A. 665 (1923); *Lewis* v. *Crane & Sons*, 78 Vt. 216, 228, 62 A. 60 (1905).

This Court must first determine if a cause of action has been stated. The plaintiffs maintain in their complaint as amended that:

> "Easterly of the Plaintiffs' premises, a culvert crosses said Town Road, and conducts water over a natural watercourse which passes from lands located northerly of the Clark Road, under the Clark Road through said culvert, and then continuing in a natural watercourse over Plaintiffs' property to eventually connect with another stream or watercourse in the Town of Cornwall.

That said culvert was installed across said natural watercourse by the Town of Cornwall so that said watercourse could pass underneath the roadway.

That during the winter and early spring months of 1970, the culvert became clogged, and water built up on the southerly side of the roadway, washed down the roadway, and passed over the Plaintiffs' property in a steady stream through the month of May, 1970.

That the Defendant Town had knowledge of the clogging of the culvert and the fact that water was dispersing as aforesaid.

That the Defendant Town failed to properly repair said culvert, and as a result of said failure, and the Town's negligent failure as aforesaid to maintain said culvert, the Plaintiffs' property was damaged . . . ."

This set of alleged facts in plaintiffs' complaint is strikingly reminiscent of the fact situation in *Haynes* v. *Burlington*, 38 Vt. 350 (1865), in which the defendant town built a highway with a culvert under it which provided passage for a natural stream of water. The grade of the highway was raised over a number of years by agents of the town. Earth from the top of the grade was washed down resulting in an enlargement of the base of the embankment, and the culvert, not being correspondingly lengthened to accommodate the enlargement of the base, was finally clogged. The flow of the natural stream of water was stopped, and the water backed up and damaged the plaintiffs' property. The town was notified of the situation but failed to remedy it.

Chief Justice Poland, writing for a unanimous Court, stated:

"In the case of an individual owner of a strip of land of suitable width for a highway, who should build a road upon it, he would by ordinary legal principles be bound to do it in a prudent and reasonable manner, and so as to avoid doing any unnecessary damage to persons owning the land adjoining. And so if such person had occasion to build his road over a natural stream or watercourse, the law would require him to provide some suitable and sufficient means for the passage of the water so that the

adjoining proprietors should not suffer damage by its being obstructed. Substantially the same obligations to the owners of lands adjacent to the highway we consider are developed upon towns in the building and maintaining their roads .... And it is their duty not only to make such bridge, culvert or passage for water, but to keep it in condition that it shall not obstruct the stream." 38 Vt. at 360.

Chief Justice Poland continued:

".... [I]f ... the culvert was [*sic*] ... obstructed, and the town neglected after reasonable notice to remove the difficulty, we are of the opinion they would be liable, upon the ground already stated, that it is ... their duty to keep and maintain a passage for a natural stream ...." 38 Vt. at 362.

Clearly, under the law laid down in the *Haynes* case, *supra,* the plaintiffs' complaint stated a cause of action. The evidence presented in the plaintiffs' case was the testimony of Charles Sargent, one of the plaintiffs, and a series of photographs showing several locations on the plaintiffs' farm before and after the water damage. This testimony and the series of photographs substantiate the allegations on the plaintiffs' complaint.

The defendant town, however, maintained that sovereign immunity prevents liability from attaching citing *Sanborn, et al.* v. *Village of Enosburg Falls,* 87 Vt. 479, 89 A. 746 (1914). Justice Haselton, in the *Sanborn* case, held that the municipality was not liable for damages resulting from flooding to private property due to a clogged tile, sluice and catchbasin that ran under a highway and sidewalk. The distinction between *Haynes* v. *Burlington, supra,* and the *Sanborn* case, was that in *Sanborn* the damaging water originated from accumulated surface water, and in *Haynes* the damaging water originated from a natural watercourse. *Sanborn* held that the maintenance of the tile, sluice and catchbasin to carry away surface water was for the protection of the highway; hence, a governmental function. A town is not liable for the results of negligence in carrying out a governmental function. See

*Farmer* v. *Poultney School District,* 113 Vt. 147, 149, 30 A.2d 89 (1943). However, Justice Haselton said:

> "A municipality charged with the public duty of maintaining streets has no implied authority to dam up or otherwise obstruct natural watercourses. The policy of the government is to conduct its highways over such natural watercourses by bridges or culverts, and . . . the obstruction of a natural watercourse by a municipal corporation to the injury of adjoining landowners is something for the consequences of which the municipality is liable, as was decided in *Haynes* v. *Burlington* . . . ." *Sanborn, et al.* v. *Village of Enosburg Falls, supra,* 87 Vt. at 482.

■ The theory of recovery that Justice Haselton propounded in *Sanborn* was not one of negligence as in the *Haynes* case but that the obstruction of a natural watercourse in maintaining a highway results in the flooding of private property. The flooding of private property constitutes a taking for public use. The municipality must then compensate for the taking. See Vt. Const. Ch. 1, Art. 2. Although providing a different theory of recovery, Justice Haselton reaffirmed the *Haynes* case in allowing recovery against a town, which negligently allowed its culverts, through which a natural watercourse flowed, to become and remain clogged, for flooding and resulting damages to private property. Therefore, such damages to private property have always given rise to a right of recovery in this jurisdiction, and the defense of sovereign immunity is not available.

■ The defendant maintains that the plaintiffs were required by the case of *Lemieux* v. *City of St. Albans,* 112 Vt. 512, 28 A.2d 373 (1942), to allege facts in their pleading that would remove the action from the protection of sovereign immunity. Since the case of *Haynes* v. *Burlington, supra,* the defense of sovereign immunity has never been available to a municipality for negligently allowing a culvert through which a natural stream flowed to become and remain clogged, resulting in damages to private property. Hence, the facts alleged in the complaint were sufficient to remove this action from the protection of sovereign immunity.

The plaintiffs' complaint was within the statutory requirements for pleading in this jurisdiction. A complaint is defined in 12 V.S.A. § 1021(1): "A complaint, which shall set forth in brief and simple language the facts relied upon and the relief demanded." The law of this state has never required more in a pleading than that which is required by the statute, as long as the pleader states a cause of action. See *Agosta* v. *Granite City Real Estate*, 116 Vt. 526, 529, 80 A.2d 534 (1951). (For the present requirements of pleadings see V.R.C.P. 8.)

Since we here hold that the plaintiffs' complaint stated a cause of action, it is not necessary to pass upon the failure of the trial court to allow plaintiffs to add a count to their complaint alleging a taking of their property without compensation by the establishment of a drain, ditch or watercourse in violation of 19 V.S.A. §§ 1291–1296.

For the reasons stated in this opinion, the trial court was in error in directing the jury to return a verdict for the defendant.

*Judgment reversed and cause remanded.*