AMOS PRINDLE *v.* TOWN OF FLETCHER.

*Highways. Towns. Latent Defects.*

The duty of towns, in the matter of keeping their highways in good and sufficient repair, as affecting their liability to pay damages for injuries caused by defects in such highways, is not to be measured by the exercise of ordinary care and diligence.

Towns are not insurers against all accidents and injuries caused by defects in highways.

Towns are not liable for latent defects in highways, that could not have been avoided or discovered by the use of ordinary care and prudence on their part.

While the plaintiff was travelling over the defendants' highway, the ground gave way under him through some latent defect under the ground, which was not known or discoverable, and the plaintiff's horse was injured. *Held*, that the defendant town was not liable for the injury.

Prindle v. Fletcher.

THIS was an action on the case, for damages which the plaintiff alleges that he sustained by reason of the insufficiency of a highway in Fletcher.   Plea, the general issue, and trial by jury, STEELE, J., presiding.

The plaintiff's evidence tended to show that as he was travelling over the defendants' highway with his horse, the ground gave away under him, through some latent defect under the ground, which was not known and was not discoverable, and the plaintiff admitted the authorities of the town could not have learned about it.   The horse went into the hole as the ground gave away, and was injured.   The defendants moved that the plaintiff become non-suit.   The plaintiff then stated that he made no claim to recover, except for a latent defect that could not have been avoided or discovered by the use of ordinary care and prudence on the defendants' part, and that he admitted such care was used.   The plaintiff was in the exercise of due care on his part.   The court ordered a verdict for the defendants,—to which the plaintiff excepted.

*Dewey & Noble,* for the plaintiff.

The language of the statute entitles the plaintiff to recover.   He sustained damage *solely* by means of the insufficiency of a highway which the defendant town was liable to keep in repair.   The only exception to the statute is that relating to a load exceeding ten thousand pounds.   G. S., p. 200, § 41.

The distinction between "insufficiency" and "want of repairs" on the one hand, and "neglect to keep in repair" on the other, is made by the statute, since it makes towns liable in civil actions for damage occasioned by "insufficiency or want of repair," but criminally for neglect.   Compare G. S. p. 200, § 41, with p. 202, § 53. In the following cases decided in this state it is held that the questions for the jury are two.   1st, Was the highway sufficient?   2d, Was the plaintiff in the exercise of ordinary care and prudence. *Richardson* v. *Turnpike Co.,* 6 Vt. 496 ; *Green* v. *Danby,* 12 Vt. 338 ; *Allen* v. *Hancock,* 16 Vt. 230 ; *Sessions* v. *Newport,* 23 Vt. 9 ; *Stickney* v. *Maidstone,* 30 Vt. 738 ; *Hunt & Wife* v. *Pownal,* 9 Vt. 411 ; *Bardwell & H.* v. *Jamaica,* 15 Vt. 438 ; *Cassedy* v. *Stockbridge,* 21

Vt. 391; *Howe* v. *Castleton*, 25 Vt. 163; *Swift* v. *Newbury*, 36 Vt. 355.

The only cases in this state in which the question of ordinary care and prudence has been raised in connection with the liability of towns for damages, are those of *Briggs* v. *Guilford*, 8 Vt. 264; *Willard* v. *Newbury*, 22 Vt. 458; *Batty* v. *Duxbury*, 24 Vt. 155, and in each of these cases the real question was as to the duties of towns in providing suitable by-ways, and putting up proper guards, to prevent people from travelling upon roads where defects of a somewhat permanent character existed.

*H. S. Royce*, for the defendants.

Towns are not responsible for injuries occasioned by the defects in their highways which were not known and could not have been discovered by the use of ordinary care and prudence. *Lobdell* v. *New Bedford*, 1 Mass. 153; *Townsend* v. *Susquehanna Turnpike Co.*, 6 Johns, 90; *Church* v. *Cherryfield*, 33 Maine, 460; See —— v. ——, 18 Pick. 357; 2 Hilliard on Torts, 398–9; *Ingalls* v. *Bills*, 9 Met. 1.

Where there is a sudden failure of a road, occasioned by subterraneous action, as in this case, or where a bridge or sluice is swept away by an extraordinary freshet, it is not "an insufficiency, or want of repair," within the meaning of the statute.

The opinion of the court was delivered by

BARRETT, J. We have never understood that, under our statute, the duty of the town, in the matter of keeping its highways in good and sufficient repair, as affecting its liability to pay damages for an injury caused by a defect in such highways, is to be measured by the exercise of ordinary care and diligence. The argument in this case has proceeded with reference to such a test and measure of duty. We think no such test and measure are warranted by the statute, or countenanced by judicial decision. Nor, on the other hand, do we think the town is liable in all cases and absolutely to pay damages for injury resulting from defect in the highway.

The requirement is, that the town shall keep its highways in good and sufficient repair. This prescribes its duty. If the town is

chargeable with any fault in respect to this duty, then the liability attaches. It was not the design of the statute to require impossibilities of the town, and to make it the absolute insurer against all accidents and injuries caused by defects in highways. But it was designed to hold the town to insure against accidents and injuries caused by defects existing through any fault of the town.

This we understand to be the idea held and expressed in all the cases, in which it has been proper to make any judicial expression upon the subject. And in consonance with this, we understand all judges are accustomed to instruct juries, telling them, in substance, what is the duty of the town according to the import of the language of the statute, and then that if the town appears to have been in any fault in this respect, this element of the plaintiff's right of recovery is made out. The case in hand stands for decision upon the facts which the plaintiff's evidence tended to show, viz: "that the ground gave way under the horse through some latent defect under the ground, which was not known and was not discoverable," and the fact that he admitted, viz: that the authorities of the town could not have learned about it. These are the facts upon which the failure of the town to keep the road in good and sufficient repair, so as to subject it to liability, is asserted. In all other respects it is to be assumed that the town was in no default. What is said, as to what occurred on the trial after the plaintiff rested his case, is wholly immaterial to the question upon which the ruling of the court is to be determined.

We think that it cannot, on the strength of any decided case, or upon any reasonable interpretation and application of the statute, be held that the town is chargeable with liability as for insufficiency or want of repair in the condition of the road at the place and time that the ground sunk and let the horse down. It was a latent defect under the ground, not discoverable, and which the authorities of the town could not have learned about. To hold the town liable in this case would establish a principle and rule that would render the town liable as absolute insurers against the consequences of all defects, however produced, as by a sudden tornado, a sudden rush of water, a stroke of lightning, a drifting snow storm, that for the time defies

Prindle *v.* Fletcher.

all efforts to counteract its blocking a road. For this was as much providential, and beyond human power to ascertain or guard against, as any of the other causes of sudden and unforeseen defect in a road. When acres of ground in Shelburne a few years ago suddenly settled several feet, disjointing not only fields, but roads, and streams, if a person had been passing on the highway at the point of the break at the moment, and by reason thereof had got upset, and injured, it certainly would be a sharp requirement, under the statute, to hold that the town would be liable on account of the road being not in good and sufficient repair at that point, and at that moment. And still such would have to be held, upon the principle that would require or justify the court in holding the town liable in this case.

The case of *Bardwell et al.* v. *Jamaica,* 15 Vt. 438, does not at all involve the point in question in this case. What was said by Judge HEBARD and held by the court, now urged upon our attention, was in relation to the town being entitled to shield itself from liability, by reason of not having notice of a defect in a bridge consisting in the rottenness of a log abutment, a defect in a structure whose condition might, or ought to have been known, and kept good by the town.

So in *Hunt and Wife* v. *Pownal,* 9 Vt. 411, no question like the present was involved. There was an acknowledged and patent defect in the condition of the highway, that caused the accident, in concurrence with a defect in the wagon, attributable in no degree to want of proper care and diligence on the part of the plaintiffs.

The reasoning of the courts in the opinions in the other cases cited, does not rest upon grounds that render the logical and legitimate result, as applied to this case, authority for what is claimed by the plaintiff.

On the whole, we are satisfied that the county court committed no error in the case, and the judgment is affirmed.