## JOSHUA B. FORD *v.* TOWN OF BRAINTREE.

*Highways.    Defect occasioned by insufficient culvert.*

A hole in the highway at a point five rods distant from a culvert, which is occasioned by the fact that the culvert is not large enough to carry off the water, is not a defect in a bridge, sluice or culvert for which the town is responsible to a person injured thereby.

Action on the case to recover damages occasioned by an insufficient culvert. Trial by jury at the June term, Orange county, 1889, Taft, J., presiding. At the close of the plaintiff's case the court directed a verdict for the defendant, to which the plaintiff excepted.

The case appears in the opinion.

*J. D. Denison*, for the plaintiff.

The question of sufficiency is one of fact for the jury. *Sessions* v. *Newport*, 23 Vt. 9 ; *Washburn* v. *Woodstock*, 49 Vt. 503.

When an injury is the natural or probable result of negligence an action accrues. *Forney* v. *Geldmacher*, 75 Mo. 113 ; *Templeton* v. *Montpelier*, 56 Vt. 328 ; Am. Rep. 41, 53 to 58 notes; *Hill* v. *Windsor*, 50 Am. Rep. 569 to 574 notes ; *Lane* v. *Atlantic Works*, 111 Mass. 136 ; *Brown* v. *Chicago, Mo. & Lt. P. R. R.*, 54 Wis. 342 ; *Campbell* v. *City of Stillwater*, 32 Minn. 308.

*N. L. Boyden* and *R. M. Harvey*, for the defendant.

The injury was not the direct result of the defective culvert. *Hyde, Admr.*, v. *Jamaica*, 27 Vt. 444 ; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114 ; *Trow* v. *Vt. Central Rd. Co.*, 24 Vt. 487 ; *Tisdale* v. *Town of Norton*, 8 Met. 388 ; *Holman* v. *Townshend*, 13 Met. 297.

Joshua B. Ford *v.* Town of Braintree.

The opinion of the court was delivered by

TYLER, J. Prior to the passage of the Act of 1880, towns were liable for damages that arose from the insufficiency or want of repair of their highways and bridges. By No. 62 of the Act of the Legislature of that year their liability was restricted to damages that arose from the insufficiency of bridges of not less that eight feet span. Act. No. 13, Laws of 1882, upon which this action was brought, enlarges the scope of the Act of 1880 and extends that liability to include damages caused by means of the insufficiency or want of repair of culverts and sluices which towns are bound to maintain.

Bridges, culverts and sluices form a part of the highway in which they are situated, and the liability of towns for damages, caused by means of their insufficiency, is continued by the present law for the obvious reason that they are more dangerous than the other portions of highways—defects in them often being of such a character as not to be perceptible to the traveler in passing over them—while towns are absolved from liability for damages occasioned by defects in all other parts of their highways.

The plaintiff's evidence tended to show that he was injured at a point in the highway five rods distant from the culvert in question; that the culvert was insufficient in not being large enough to carry off the water that collected in the ditch, and that in consequence the water set back and its action made the hole in the road which was the immediate cause of the accident.

If the defendant town is liable for damages caused by this defect in its highway it would have been liable had the defect been one hundred rods or at any other distance from the culvert, provided it could have been shown that the insufficiency or want of repair of the culvert was the primary though remote cause of

it. Many defects in highways might be traced to the insufficiency or want of repair of culverts and sluices as indirect causes. It might often be said that if there had been a larger culvert at a certain point, or the existing one had been kept unobstructed, the road at another point would not have been gullied and out of repair. But obviously it was not the intention of the Legislature to allow persons injured to recover damages for injuries sustained by reason of such defects. To give the construction to the Act which is claimed for it by the plaintiff would be to re-enact, by judicial decision, in part at least, the highway damage law which the Legislature has repealed. It would make towns liable for damages occasioned by other insufficiencies and defects in their highways than those specified in the Act of 1882. To come within the Act the accident must occur and the injury be sustained while the traveler is passing over the bridge, culvert or sluice, or that portion of the road which constitutes the approaches to it, so that the insufficiency or want of repair of the structure itself, or of its approaches, is the direct cause of the injuries sustained.

*Judgment affirmed.*