# Thomas L. Hughes, Mary M. Hughes, and Mildred A. Decker v. Richard Holt and Charlotte M. Holt, Berkley & Veller Real Estate, Burlington Savings Bank, and Norman E. Wright

[435 A.2d 687]

No. 287-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed July 15, 1981

Motion for Reargument Denied September 10, 1981

*McCarty & Rifkin, P.C.*, Brattleboro, for Plaintiffs.

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Holts.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Berkley & Veller.

*Kristensen, Cummings, Rosi & Murtha*, Brattleboro, for Burlington Savings Bank.

*Richards and Lawlor, P.C.*, Springfield, for Wright.

**Barney, C.J.** The plaintiffs purchased a house and eight acres of land in Guilford, Vermont, in 1975, that turned out to be termite infested. As part of their attempt to correct the situation blasting was done by a contractor, and the house collapsed. The plaintiffs then instituted suit against the Holts, who sold them the house; Berkley & Veller Real Estate, the real estate brokers who listed the house; Norman Wright, a real estate appraiser who valued the house for mortgage purposes; and the Burlington Savings Bank, which financed the purchase. Trial was by jury, and verdicts were returned against all of the defendants in the amount of $30,000, later lowered by remittitur to reflect the value of the eight acres.

The evidence disclosed that the Holts listed their two-story frame house for sale with Berkley & Veller Real Estate. The listing showed the condition of the house as "excellent." The Holts showed the plaintiffs through the house several times, pointing out the work they had done on the house over the

ten-year period they had owned it. No mention was made of termite damage. The house was forty-five years old and had a partial cellar. The plaintiffs eventually bought the house for $30,000 in November, 1975.

The mortgage was taken by the Burlington Savings Bank, and their appraiser, Norman Wright, had set the value of the house at $31,000. His appraisal did not note any termite damage.

About six months after the purchase the plaintiffs discovered extensive termite damage, and on two occasions observed the termites swarming about the house. They called an exterminator, who identified the insects as termites and found extensive evidence of infestation and also what he perceived to be efforts at covering up termite damage, apparently by the previous owners. The exterminator recommended that the sills of the house be raised up off the ground onto a block foundation. It was at that point that the contractor was employed, followed by the blasting that preceded the collapse.

The litigation against the various defendants varied as to its legal basis. The action against the Holts as sellers sounded in fraud. Against the real estate broker, Berkley & Veller Real Estate, the gravamen was negligent misrepresentation and also fraud.

Negligence was urged against the bank and its appraiser. As finally charged to the jury, the plaintiffs' claim was that the appraiser was negligent in estimating the value of the property for mortgage purposes, and that that negligence was imputable to the bank.

Although there are cases where a bank goes beyond its role as mortgagee and gets involved in a capacity beyond that of a mere lending agency so that a duty relationship analogous to that of a seller or broker may come into being, *Connor* v. *Great Western Savings & Loan Association,* 69 Cal. 2d 850, 447 P.2d 609, 73 Cal. Rptr. 369 (1968), this is not such a case.

The plaintiffs assert reliance on the action of the appraiser and the bank to their detriment. The facts are to the contrary. The appraisal report was for the exclusive use of the bank, and right or wrong in content, it was confidential. This being so, it certainly was not intended to, and could not, operate as any sort of representation to the buyers about the quality of the building to be purchased. The plaintiffs had neither met

the appraiser nor seen the report prior to closing. More importantly, it was the testimony, and the unquestioned fact, that the plaintiffs had executed the purchase and sale agreement before the appraisal was ever done.

To establish a claim based on the appraisal, either against the appraiser or the bank, the plaintiffs had to show that the appraisal was a proximate cause of their injury and loss. *Rivers* v. *State*, 133 Vt. 11, 13, 328 A.2d 398, 399 (1974). This, as already noted, the evidence entirely belied. The motions for directed verdicts in favor of the appraiser and the bank should have been granted. This determination makes it unnecessary to decide the exact relationship between the bank and the appraiser as to agency or an arrangement of independent contractorship.

Turning now to the suits between the plaintiffs and the sellers and the real estate agency, a fresh difficulty intrudes. The suit against the Holts was for fraudulent concealment and misrepresentation. This ground requires that the plaintiffs produce evidence meeting the standard of proof of clear and convincing evidence. *Lincoln* v. *Emerson*, 137 Vt. 301, 404 A.2d 508 (1979). One count against Berkley & Veller Real Estate was for negligent misrepresentation. This requires only the evidentiary burden usual in negligence, that of a preponderance of the evidence, since fraud is not involved. See Restatement (Second) of Torts § 552, Comment a (1977). Another sounded in fraud, requiring that, for burden of proof purposes, it be distinguished from the count in negligence.

Both the sellers and the agency contended that the evidence produced against them was not sufficient to take the matter to the jury in the face of motions for directed verdicts. Even having in mind the differing standards to be applied, an examination of the record discloses sufficient evidence to make the issues proper for the jury. *Sargent* v. *Town of Cornwall*, 130 Vt. 323, 325, 292 A.2d 818, 820 (1972). Whether statements as to the "excellent" condition of the house were statements of fact or opinion is for the jury to determine. *Viens* v. *Lanctot*, 120 Vt. 443, 449, 144 A.2d 711, 715 (1958).

The agency contends that the plaintiffs waived the claim of fraud during the trial, limiting their claims to negligence and

negligent misrepresentation. It further argues that only fraud was charged to the jury, so judgment should be entered in its favor. Contrary to the agency's argument, the charge included elements of negligence as well as fraud. Therefore, that waiver is not sufficient to justify judgment in favor of the agency in any event.

The difficulty is with the charge. First, the trial court directed the jury to test the evidence against both the sellers and the real estate agency by the standard of preponderance of the evidence. This was error as to the sellers. As noted earlier, the measure of proof for fraud in our law calls for the higher standard of clear and convincing evidence. *Lincoln* v. *Emerson, supra.* Since this requires reversal and a remand for a new trial, we do not reach the issue raised by the sellers concerning the award of punitive damages against them.

Additionally, the instructions for the part of the case against the agency included elements of fraud and elements of negligent misrepresentation. As such, some elements required proof by clear and convincing evidence, and others required proof by only the preponderance of the evidence. Certainly, the jury could not have had any real opportunity to evaluate by the proper standards the evidence as to the claim or claims against the agency. In such a case, the only just treatment of the error in the charge requires a new trial for the claim against the agency. See *Thompson* v. *Town of Stannard,* 125 Vt. 140, 144, 211 A.2d 253, 256 (1965).

*The judgments against Richard Holt and Charlotte M. Holt and Berkley & Veller Real Estate are reversed and the cause remanded for a new trial on the issues relevant to the plaintiffs' claims against them; the judgments against Norman E. Wright and the Burlington Savings Bank are reversed and the actions against them dismissed with prejudice.*