# David Harrington v. Department of Employment and Training

[566 A.2d 988]

No. 86-425

Present: Allen, C.J., Peck, Gibson and Dooley, JJ. and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed September 8, 1989

*Stephen Norman, Wendy Morgan* and *Thomas F. Garrett,* Vermont Legal Aid, Inc., Burlington, for Plaintiff-Appellant.

*Brooke Pearson,* Montpelier, for Defendant-Appellee.

**Dooley, J.** Claimant, David Harrington, was assessed an administrative penalty by the Employment Security Board, pursuant to 21 V.S.A. § 1347(e), for intentionally misrepresenting the amount of income he earned while receiving

unemployment benefits.[1] The issue in his appeal to this Court is whether the Board's decision to impose a penalty equal to twelve weeks of unemployment benefits can be sustained. Claimant argues that (1) the Board applied the wrong standard of proof to determine that he intentionally misrepresented his income; and (2) even if the Board applied the correct standard of proof, its conclusion is not supported by the evidence.[2] We reject both arguments and affirm.

Claimant filed claims for unemployment compensation during the winter and spring months of 1984. An investigation by the Unemployment Compensation Division of the Department of Employment and Training (Department) found that claimant had failed to disclose earnings and that, as a result, he was overpaid a total of $265 in unemployment compensation benefits. He did not contest this determination and, on request of the Department, repaid the benefits under 21 V.S.A. § 1347(a).

At some point thereafter the Department also found that claimant intentionally misrepresented or failed to disclose a material fact and, as a result, the Department assessed an administrative penalty pursuant to 21 V.S.A. § 1347(e). Claimant appealed this determination first to a referee and then to the Employment Security Board. Based on a hearing held on July 2, 1986, the Board upheld the penalty, concluding:

> [T]hat the claimant intentionally misrepresented or failed to disclose the full amount of his wages for the weeks [at issue]. Accordingly, we conclude that the imposition of penalty weeks was appropriate, and we find

---

[1] Claimant was also required to repay an amount overpaid. 21 V.S.A. § 1347(a). He does not challenge this repayment requirement.

[2] In a footnote in his brief, claimant mentions the disproportionality clause of the Vermont Constitution, Vt. Const. ch. II, § 39, and states that "the disproportionality of the penalty to the putative overpayment in this case is ... a matter of [c]onstitutional significance." Assuming that claimant has, by this one comment, raised the issue of disproportionality on appeal (even though he has failed to brief the issue), we do not consider it since it was not raised below. See *State v. Byrne*, 149 Vt. 257, 263, 542 A.2d 667, 671 (1988). In reaching this conclusion, we note that the penalty to be imposed is discretionary, see 21 V.S.A. § 1347(e), and as a result, the Board could consider and rule on such a constitutional claim. See *Alexander v. Town of Barton*, 152 Vt. 148, 151–52, 565 A.2d 1294, 1296 (1989).

no abuse of discretion in the decision to assess 12 such penalty weeks.

Assuming, without deciding, that the Department had an obligation to establish intentional misrepresentation or failure to disclose by clear and convincing evidence, we conclude that it satisfactorily met that burden.... The undisputed facts which we find compelling in this regard are the claimant's experience and understanding of his rights and obligations under the unemployment compensation program, the ... reporting of the wages paid to the claimant for the weeks in question ... on two separate occasions.... The claimant's acknowledgement that he was liable to repay to the Department ... and the claimant's lack of any evidence whatsoever to suggest that the wage figures reported by [the employer] were inaccurate. In our judgment, these facts, taken together, demonstrate clearly and convincingly that the [defendant] intentionally misrepresented or failed to disclose the full amount of his wages for the three weeks [in question].

We now turn to claimant's arguments in order.

Claimant's first argument is that the Board used the wrong standard of proof—that is, the Board used a "clear and convincing evidence"[3] standard when it should have used a "beyond a reasonable doubt" standard. This argument was not raised below and is not properly before us. Even if it had been raised properly, we could not accept it. See *Price v. Department of Employment & Training*, 150 Vt. 78, 80, 549 A.2d 641, 642 (1988). Our one precedent in this area, *Garber v. Department of Social Welfare*, 139 Vt. 487, 491, 431 A.2d 469, 472 (1981), applied a "clear and convincing evidence" standard in a similar welfare case because the administrative board had applied the standard and it was comparable to that used in civil fraud situations. See *Lincoln v. Emerson*, 137 Vt. 301, 303, 404 A.2d 508, 510 (1979). The higher standard of proof of *Garber* is, itself, a deviation from the preponderance of the evidence standard normally applicable in administrative

---

[3] Claimant contests whether the Board actually used the "clear and convincing evidence" standard because he believes that the evidence in this case could not meet that standard. This argument is considered *infra.*

proceedings. See *In re Muzzy*, 141 Vt. 463, 472, 449 A.2d 970, 974 (1982) (employee termination).

In *California ex rel. Cooper v. Mitchell Bros.*, 454 U.S. 90, 93 (1981), the United States Supreme Court noted that the "beyond a reasonable doubt" standard of proof is part of the criminal law and has never been required in a civil case. In *Steadman v. Securities & Exchange Commission*, 450 U.S. 91, 102 (1981), the Court held that the government's burden in a securities fraud disciplinary case before the SEC is satisfied by a preponderance of the evidence standard despite the fact that the proceeding could result in an order permanently barring the licensee from practicing his profession. The furthest the Court has gone in an administrative proceeding has been to require proof by "clear, unequivocal and convincing evidence" in a deportation proceeding. *Woodby v. INS*, 385 U.S. 276, 285–86 (1966). *Woodby* is not, however, a decision reached on constitutional grounds, and it is clear that Congress could allow deportation to be ordered on a showing of grounds by a preponderance of the evidence. See *Vance v. Terrazas*, 444 U.S. 252, 265 (1980). Thus, we can find no support either in our law or in federal constitutional law for the proposition that imposition of an administrative penalty requires proof beyond a reasonable doubt.

■ The decision of the Board indicates that it assumed the Department had to show intentional misrepresentation or failure to disclose by clear and convincing evidence and concluded the Department had met that burden. There is no error in the standard of proof used in this case.

Claimant makes two interrelated objections to the decision of the Board. First, he argues that it is impermissible because it is based solely on hearsay evidence from the employer. Second, he argues that there was no showing of intent to misrepresent as required by 21 V.S.A. § 1347(e).

■ Although we have been concerned about exclusive reliance on hearsay evidence where it is disputed by the claimant, *Longe v. Department of Employment Security*, 135 Vt. 460, 463, 380 A.2d 76, 79 (1977), this is not the type of case

that directly raises that concern.[4] Here, claimant did not dispute the documentary payment records submitted at the Department's request by the employer. Further, claimant did not object to the introduction or use of the evidence before the Board. Thus, there was no error in the reliance on the employer information.

On claimant's last point, the Board found intentional misrepresentation based in part on the fact that, as a seasonal worker, claimant was very familiar with his reporting requirements and had reported wages over a long period. Further, the Board found that the discrepancies between the wages paid to claimant and those he reported were clear and substantial and, in one case, he reported earning no wages in a week when he actually earned a substantial sum. While the Board was required to find intentional misrepresentation by clear and convincing evidence, our review is limited to whether the Board's conclusions are supported by substantial evidence. See *Lincoln v. Emerson*, 137 Vt. at 303–04, 404 A.2d at 510. Unlike the situation in *Garber v. Department of Social Welfare*, which involved a similar issue, there is direct evidence here that the claimant was aware of his obligation to report his income properly and did not do so. Accordingly, we find that the Board's conclusions are supported by its findings and the evidence.

*Affirmed.*

---

[4] As in *Longe*, the issue here involves the reliance on hearsay evidence, not its admissibility. Hearsay evidence is normally admissible under 21 V.S.A. § 1351 ("common law or statutory rules of evidence" do not apply in unemployment compensation proceeding).