## In re A. C.

[357 A.2d 536]

No. 239-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed April 6, 1976

*Robert Edward West*, Defender General and *Alan S. Rome*, Public Defender for Juveniles, Montpelier, for Juvenile.

*Brown & Cormier*, Bennington, for Mother.

*Michael O. McShane*, Bennington County Deputy State's Attorney, Bennington, for State.

**Larrow, J.** Appellant A. C., a minor, was found to be an unmanageable child under the terms of the then statute on January 16, 1974. After a disposition hearing, by order dated January 31, 1974, her legal custody was transferred to the Commissioner of Rehabilitation, with recommended placement. On July 17, 1975, her mother requested a review hearing under the provisions of 33 V.S.A. § 659. Hearing was held before the District Court, Unit No. 1, Bennington Circuit, and findings made which in substance concluded that there were no changes of circumstance justifying modification of the original disposition order. Both the minor and her mother have appealed.

Three claimed assignments of error are briefed by the minor, and additional grounds by her mother. The minor argues that the trial court erroneously assigned to her mother, as movant, the burden of proof, that it refused to allow participation by her guardian ad litem, and that it refused her counsel the opportunity to present closing argument.

It is apparent from the record that at the time of hearing the trial court considered the matter as the two year review hearing contemplated by 33 V.S.A. § 658, rather than the review based upon claimed change of circumstances provided for by 33 V.S.A. § 659, and some of the arguments presented have their basis in that misconception. When the written findings were made, the hearing was correctly characterized. The distinction is not, however, important, because the pertinent statutory provisions applicable to each type of hearing are essentially the same. Section 658(c) requires the hearing to

correspond in all respects to the hearing on original petition; § 659(b) provides for similar notice and hearing, with stated exceptions not here material. If the argument were valid, it would have applicability to either type of hearing.

■■ The error, however, does not reach the proportions of required reversal. It is based upon the statement of the court, at the outset of the hearing, that "the mother, the moving party, should present her case first." She did so, and it does not appear that any party was precluded, by this ruling, from the presentation of any offered evidence. Appellant misconstrues the scope of the ruling. We agree that the trial court would have been better advised to conduct the hearing in the same order as a hearing on an original petition, but the ruling reached merely the order of reception of evidence; the ruling was not objected to, but was in fact acquiesced in by the mother's counsel. The order of reception of evidence is discretionary with the trial court, and absent abuse of discretion and showing of prejudice, reversal is not required. *State* v. *Goyet*, 120 Vt. 12, 20, 132 A.2d 623 (1957). Burden of proof was not the subject of the ruling.

The minor's second argument is that the trial court refused to permit participation by her guardian ad litem. The record below shows no objection on this ground. It further shows, affirmatively, that the guardian ad litem was present at the proceedings and an active participant, reviewing the evaluation report which had been filed, and offering nothing further when the court inquired whether there were other witnesses. This claim of error cannot be sustained.

■ The third argument is couched in constitutional terms, a practice rapidly becoming one of first rather than ultimate resort. The appellant minor claims that the court refused to hear counsel in summation, thus violating her Sixth Amendment rights as laid down in *Herring* v. *New York*, 422 U.S. 853 (1975). Responding to this argument, the State theorizes that *Herring* does not apply, because the original commitment was as an unmanageable child, due to continued truancy, a factual determination involving no criminal conduct. The argument is an intriguing one, but we do not reach it, because disposition of the case does not require it. *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 298 A.2d 846 (1972). The ap-

plicable statutes cover the question, by mandating the appointment of counsel for a child who is a party to the proceeding, presumably because loss of liberty, in one form or another, is an envisioned result. 33 V.S.A. § 653(a). Under 13 V.S.A. § 5232, the right to assigned counsel is extended, along with criminal respondents, to needy persons in juvenile court proceedings. 13 V.S.A. § 5233(a)(1) affords to such persons, *inter alia*, the right to be "defended at all stages of the matter." We can only conclude, as a matter of legislative intent, that at least so far as the right to assistance of counsel is concerned, juvenile proceedings generally have been placed by the Legislature in the same category with criminal offenses, without distinction as to whether the juvenile proceedings do, or do not, involve an act otherwise criminal. As appellant minor points out, the right of summation is now, in criminal cases, clearly held to be an essential element of the right to counsel. *Herring, supra*. The right is, without question, a fundamental one, and the record clearly indicates that *Herring* was brought to the attention of the trial court. That court's summary denial of the right of summation requires reversal and remand. *Herring* concludes that closing argument serves to sharpen and clarify the issues, and we fully concur, particularly in light of the complex procedures outlined in the juvenile commitment statutes. Outright refusal to hear the arguments of counsel can scarcely be said to "measure up to the essential elements of due process and fair treatment" required in juvenile proceedings by *In re Gault*, 387 U.S. 1 (1967).

The appellant mother has briefed questions relating to the evidentiary support for the court's findings. We do not reach these matters in light of our decision that a new hearing is required. She also briefs claimed error in the taking of evidence not related to the original issue of unmanageability. 33 V.S.A. § 658(c), relating to the two year review hearing, permits introduction of "helpful" evidence, even though not competent in a hearing on a petition. 33 V.S.A. § 659(b), relating to modification for changed circumstances on petition of a party or the court's own motion, contains a similar proviso. We note these provisions, which we consider to be controlling, because of probable recurrence of these issues upon rehearing.

*The District Court disposition order of August 12, 1975, is vacated, and the cause remanded for new hearing in accordance with the views expressed herein.*