587 A.2d 1009 (1991)
In re J.H., Juvenile.
No. 89-394.
Supreme Court of Vermont.
February 1, 1991.
*1010 Jeffrey L. Amestoy, Atty. Gen., Montpelier, and Alexandra N. Thayer, Asst. Atty. Gen., Waterbury, for plaintiff-appellant Dept. of Social and Rehabilitation Services.
Charon A. True, St. Albans, for defendant-appellant J.H.
Steve Dunham, Public Defender, St. Albans, for defendant-appellee J.H.'s mother.
Before ALLEN, C.J., and PECK, GIBSON and DOOLEY, JJ.
PECK, Justice.
After an eighteen-month review hearing required by 33 V.S.A. § 5531 (formerly 33 V.S.A. § 658), the district court ordered that custody of J.H. be transferred from the Department of Social and Rehabilitation Services (SRS) to her mother. This appeal by SRS turns on the following issue: who bears the burden of proof at an eighteen-month review hearing? Because we find that the court allocated the burden of proof improperly, we remand for a new hearing.
J.H.'s parents have never been married, and they stopped living together approximately seven months after J.H.'s birth in June of 1980. J.H. remained in her mother's care until age three. On October 31, 1983, the father suspected neglect and obtained a relief from abuse order and temporary custody of J.H. On December 9, 1983, the mother stipulated to custody remaining with the father. In August of 1987, the mother, who had moved to Troy, New York, visited her daughter in Vermont. Upon learning that the child's stepmother was being considered for custody, the mother took the child to Troy. She was charged with custodial interference, and the child was returned to her father. In October of 1987, the father admitted that he had recently abused his daughter, and, based on this admission, the juvenile court found J.H. to be in need of care or supervision (CHINS) and placed her in the temporary custody of SRS. At the disposition hearing in January of 1988, SRS indicated that it would explore reunification of the child with her father but submitted a plan that called for continued SRS custody. The mother, through her attorney, stated that she did not want custody of J.H. because the child did not want to be placed with her. SRS was awarded custody.
At a March 1989 administrative hearing, the mother indicated that she had changed her mind and wanted custody of J.H. Thereupon SRS began consideration of the mother as a custodial parent but did not rule out the possibility of returning custody of J.H. to her father. Because the mother resides in New York, SRS requested, in April of 1989, that the New York Department of Social Services perform a home study pursuant to the Interstate Compact on the Placement of Children, 33 V.S.A. §§ 5901-5927 (formerly 33 V.S.A. §§ 3151-3207), to determine the feasibility of placing J.H. there.
In July 1989, the court held an eighteen-month review hearing as required under 33 V.S.A. § 5531. The home study had not yet been completed. At the hearing, SRS *1011 sought to retain custody of J.H., while it determined the appropriateness of placing her with either her father or her mother. J.H. and her father also argued that custody should remain with SRS. J.H.'s mother argued that she should be awarded custody of J.H. because Vermont law favors placement with a child's parent over placement in foster homes and she was able and willing to take custody of her daughter. The court awarded custody to the mother, and this appeal followed.
The hearing in question was an eighteen-month review hearing "for the purpose of considering the review of the order of disposition." 33 V.S.A. § 5531(c). At the hearing the court was required to determine whether
(1) the child or custody thereof shall be returned to his [or her] parents or other family members;
(2) the child shall be continued in the custody of the commissioner for a specified period;
(3) the child, because of exceptional circumstances, shall remain in the custody of the cormissioner on a long term basis as a permanent plan or with a goal of independent living;
(4) the child should be considered for adoption or legal guardianship.
33 V.S.A. § 5531(d). In making the determination the court was required to consider the best interests of the child in accordance with the following:
(1) The interaction and interrelationship of the child with his [or her] natural parents, his [or her] foster parents if any, his [or her] siblings, and any other person who may significantly affect the child's best interests;
(2) The child's adjustment to his [or her] home, school, and community;
(3) The likelihood that the natural parent will be able to resume his [or her] parental duties within a reasonable period of time; and
(4) Whether the natural parent has played and continues to play a constructive role, including personal contact and demonstrated love and affection, in the child's welfare.
33 V.S.A. § 5540 (formerly 33 V.S.A. § 667).
This scheme does not clarify which party bears the burden of proof at eighteen-month review hearings, and we have not had the opportunity to address the question squarely. 33 V.S.A. § 5531(a) states that disposition orders "shall be for an indeterminate period" but shall be reviewed every one and one-half years. It does not address the allocation of the burden of proof to the parties at review hearings. 33 V.S.A. § 5532 addresses modification of orders. It provides that before a disposition order can be modified, it must be shown "that changed circumstances so require in the best interests of the child." § 5532(a). Although § 5532 has been applied only when parties seek modification of orders during the interim period between reviews of the disposition order, the two provisions can and should be read together as setting forth a scheme whereby, pursuant to § 5531, disposition orders are reviewed periodically but, pursuant to § 5532, the orders will be modified only if the proponent of modification can show that it is warranted by changed circumstances. This approach ensures that a child is not subjected to continuous custody shifts and allows long-term plans to be made for him or her.[1]
The court in this case properly considered the options laid out in 33 V.S.A. § 5531[2] and made findings regarding each *1012 of the factors laid out in 33 V.S.A. § 5540 to determine the child's best interests.[3] It erred, however, in allocating to SRS the burden of demonstrating by "`convincing proof and findings that the parents are unfit and demonstrably incapable of providing an appropriate home, and that separation is necessary for the child's welfare or in the interest of public safety.'" (quoting In re M.B., 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986)).
The court concluded that SRS should have the burden of proving the parents unfit because § 5531(c) states that a hearing under that provision "shall be held in all respects as a hearing on a petition under this chapter." The court reasoned that this language allocates the burden of proof to SRS because it bears the burden of proof at a merits hearing on a petition. We do not believe, however, that the quoted language in § 5531(c) refers to substantive findings and burdens. Rather, the language in § 5531(c) is most sensibly interpreted as referring solely to the manner in which review hearings should be conducted. Our interpretation is supported by the remainder of the sentence in § 5531(c) relied on by the court, which refers to admissible evidence.[4]
In allocating the burden of proof, the court also accepted the argument of J.H.'s mother that because she was not adjudged unfit at the original disposition hearing, in order to retain custody SRS was required to show that she was unfit at the review hearing. This reasoning is flawed. The parental unfitness test must be met before SRS can initially be awarded custody of a child. Where, as here, SRS has custody, a parent must show changed circumstances before custody can be transferred again. The mother was a party to the initial disposition hearing and stipulated to SRS custody. She may not now complain that no finding of unfitness was made regarding her. See In re R.F., 135 Vt. 275, 277-78, 376 A.2d 38, 41 (1977) (father who failed to appeal a disposition order granting custody to SRS and who sought modification of the order was not entitled to custody as a matter of law even though he was not shown to be an unfit parent; rather he was required to meet the standard for modification).
On remand the court must examine the alternatives set forth in § 5531(d) and determine which is in the best interest of the child, keeping in mind that the statute favors placement of children with their parents if possible. See 33 V.S.A. § 5501(a)(3). Before the court may order a modification of the existing disposition order, however, it must find that there has been a substantial change in material circumstances warranting *1013 such a modification. The mother's current willingness to take custody of J.H. is a factor that the court may consider in determining whether a substantial change has taken place, but a substantial change entails more than an asserted change of heart. The mother must demonstrate that she is now willing and able to give her daughter the care and attention she requires.[5]
Remanded for a new hearing to be conducted in conformity with the principles laid out in this opinion.
NOTES
[1] In the case In re A.C., 134 Vt. 284, 357 A.2d 536 (1976), we implied that the State bears the burden of proof at eighteen-month review hearings, whereas the moving party bears the burden of proof at hearings on the modification of a disposition order. Id. at 286, 357 A.2d at 537. Even in that case, however, we noted that confusion of an eighteen-month review hearing with a hearing on the modification of an order was unimportant because "the pertinent statutory provisions applicable to each type of hearing are essentially the same." Id. at 285, 357 A.2d at 537.
[2] SRS argues that the court did not consider all the options laid out in 33 V.S.A. § 5531, alleging that the court dismissed the possibilities of long-term foster care and adoption merely because the SRS plan for the child did not include these options. The court did consider long-term foster care but concluded that it was "not warranted under the facts presented at [the] hearing." The court dismissed the adoption option summarily, but neither SRS nor any of the parties argued that adoption was proper at the time of the hearing. The court was not required to engage in a long discussion of an option that was clearly inappropriate.
[3] SRS expressed dissatisfaction with some of the court's findings that amounted to a conclusion that it had insufficient evidence to evaluate the factor. We note that the parties, not the court, had the responsibility of presenting relevant evidence. Nonetheless, we are disturbed by the limited evidence presented at the hearing. The paucity of evidence made it impossible for the court to adequately evaluate several of the factors laid out in § 5540 and thus to determine the best interests of the child. "These cases are far too important to be disposed of in a hasty and incomplete fashion." In re M.C.P., 153 Vt. 275, 295, 571 A.2d 627, 638 (1989). Although the court does not have a responsibility to develop evidence, it "has a strong interest in protecting the best interests of the child under its jurisdiction," id. at 299, 571 A.2d at 640, and there are steps that it can take to safeguard those interests when faced with a deficient record. Under 33 V.S.A. § 5525, a guardian ad litem can be appointed. The guardian would be responsible for ensuring that the relevant information is presented to the court to allow it to make an adequate determination of the best interests of child. The court can continue the hearing "for a reasonable period to receive reports and other information bearing on the disposition or need for treatment." 33 V.S.A. § 5527(e). Thus, a newly appointed guardian ad litem can be given time to investigate the case.
[4] Section 5531(c) states in relevant part "[the] hearing shall be held in all respects as a hearing on a petition under this chapter, except that in such a hearing, all evidence helpful in determining the questions presented, including oral and written reports, may be admitted and relied upon to the extent of its probative value...."
[5] Because we are remanding for a new hearing, we do not address the additional claims of SRS.