## In re L.S. and K.S., Juveniles

[772 A.2d 1077]

No. 00-433

March 1, 2001. In this CHINS case, mother appeals a disposition order from the family court, modifying the court's previous order, which approved a case plan goal of reunification of the children with mother. The new order sets a goal of long-term foster care. Mother contends that the court erred (1) by placing the burden of proof upon her to show changed circumstances, under 33 V.S.A. § 5532, a necessary prerequisite to modification of the disposition order; and (2) by relying on mother's poverty, and the foster parents' relative affluence, in making its order. We agree with the first point and therefore reverse.

In January 1998, L.S. and K.S., then ages eleven and nine, came into SRS custody. In February 1998, the court found both children were in need of care and supervision based upon mother's admission to the petition, which alleged that she had failed to protect them from her male companion. In June 1999, the parties stipulated to a case plan with a goal of reunification with mother. In July 1999, in its initial disposition order, the court "accepted and adopted" the case plan and granted custody to the commissioner of SRS.

In April 2000, SRS requested a twelve-month disposition review under 33 V.S.A. § 5531, as, early in the month, it had changed its case plan goal to long-term foster care. Evidentiary hearings were held July 24 and 26, and August 4, 2000. On August 29, 2000, the court issued findings and a disposition order, denying mother's request for custody, continuing custody with SRS and approving the new case plan goal of long-term foster care. In reaching its decision, the court imposed on mother the burden to show changed circumstances in contesting both (1) continued SRS custody, and (2) the new case plan goal of long-term foster care. Mother appeals.

On appeal, mother claims the court erred in imposing upon her the burden to show changed circumstances in contesting the new case plan goal of long-term foster care. She contends that SRS was the party seeking modification of the previous disposition order, and thus, SRS had the burden of proof. We agree.

Under 33 V.S.A. § 5531, a disposition order transferring custody to SRS "shall be reviewed at a permanency hearing that shall be held every 12 months." 33 V.S.A. § 5531(a). The permanency hearing "shall determine the permanency plan for the child," deciding if and when the child will be (1) returned to the parents, (2) released for adoption, (3) referred for legal guardianship, or (4) placed in another planned permanent living arrangement. *Id.* § 5531(d). In making a permanency-plan determination under § 5531, the court must consider the best interests of the child under the factors enumerated under § 5540.

Neither § 5531, nor § 5540, states generally which party bears the burden of proof at the permanency hearing. We addressed this issue, however, in *In re J.H.*, 156 Vt. 66, 69, 587 A.2d 1009, 1011 (1991), wherein we held that "pursuant to

§ 5531, disposition orders are reviewed periodically but, pursuant to § 5532, the orders will be modified only if the proponent of modification can show that it is warranted by changed circumstances." See 33 V.S.A. § 5532(a) (modification or vacation of orders). Section 5532(a) covers modification of orders and states that an order of the court may be modified by the court upon petition by a party "on the ground that changed circumstances so require in the best interests of the child." We held in *J.H.* that "the two provisions [§§ 5531 and 5532] can and should be read together." 156 Vt. at 69, 587 A.2d at 1011. Thus, at a § 5531 permanency hearing, the party seeking to modify the previous disposition order has the burden of showing changed circumstances.

In this case, SRS sought to modify the previous disposition order, which transferred custody to SRS and accepted and approved a case plan with a goal of reunification with mother. Following *J.H.*, SRS had the burden of showing changed circumstances and showing that a modification of the order is in the best interests of the children. Thus, the court erred by placing the burden of showing changed circumstances upon mother when SRS sought to change the case plan goal to long-term foster care.

There is an additional reason why the burden of proof is on SRS in this case. Section 5531(d) indicates that long-term foster care is the least favorable placement. See *In re A.S.*, 171 Vt. 369, 372, 764 A.2d 1188, 1190 (2000). In approving a permanency plan wherein the child remains or is placed in a planned permanent living arrangement, such as long-term foster care, the commissioner must demonstrate to the court "a compelling reason that it is not in the child's best interests to return home, to have residual parental rights terminated and be re-leased for adoption or [to be] placed with a fit and willing relative or legal guardian." 33 V.S.A. § 5531(d)(4). Thus, here SRS has the burden first of showing changed circumstances and then of showing a compelling reason why it is not in the best interest of these children to return to their mother or to have residual parental rights terminated. Of course, the same evidence may be relevant to both showings.

Because the court placed the burden of proof upon mother and thus failed to determine whether SRS met its burden under both §§ 5532 and 5531(d)(4), we must reverse its decision modifying the disposition goal. We do not reach the second issue raised by mother because we reverse on the first issue. In any event, the second issue may not arise again upon remand.

*Reversed and remanded.*

Motion to modify denied March 19, 2001.

